UNITED STATES DISTRICT COURT FOR THE
NORTHERN DISTRICT OF FLORIDA
PENSACOLA DIVISION

RICHARD TIMOTHY GREENE, et al.,
    Plaintiffs,

v.                                        Case No.: 3:23cv21637/MCR/ZCB

ASCEND PERFORMANCE
MATERIALS INC., et al.,
    Defendants.
_____/

# ORDER

Presently before the Court is Plaintiffs' motion to extend the discovery deadline. (Doc. 38). Judge Rodgers granted this motion on December 17, 2024 (Doc. 41), but then vacated the extension order on January 3, 2025. (Doc. 45). Defendants have filed a motion to reconsider and responded in opposition (Doc. 42).[1] Plaintiffs have filed a reply (Doc. 44). Judge Rodgers subsequently referred the matter to the undersigned for resolution. (Doc. 46). The Court held a telephonic hearing on January 31, 2025, and this matter is ripe for resolution. For the reasons below, Plaintiffs' motion to extend the discovery deadline (Doc. 38) will be

---

[1] Because the Court vacated its prior order granting the extension (Docs. 41, 45), Defendants' motion to reconsider (Doc. 42) is moot insofar as it seeks reconsideration of the Court's now-vacated order granting the extension (Doc. 41).

1

granted in part to the extent that the discovery deadline will be extended by forty-five days (45) from the date of this order for the limited purpose of permitting each party to depose the other party's expert. No other discovery is authorized.

## I.   Background

The discovery deadline in this case was December 16, 2024. (Doc. 9). On December 10, 2024, Plaintiffs moved for a ninety-day extension of that deadline. (Doc. 38). In support of that motion, Plaintiffs have stated that they need additional time to depose an expert and Defendants' corporate representative. Additionally, Plaintiffs have expressed a desire to inspect the facility where Plaintiff was allegedly injured.

Defendants have opposed the requested extension, although they are amenable to an extension that would permit them to depose Plaintiffs' expert. (Doc. 42 at 2). According to Defendants, Plaintiffs have exceeded the ten depositions they are permitted to take under Fed. R. Civ. P. 30(a)(2)(A)(i). Additionally, Defendants argue that Plaintiffs have been dilatory during discovery, which has caused them to need the extension. (Doc. 42 at 3-6).

2

## II.  Discussion

Rule 6(b)(1)(A) of the Federal Rules of Civil Procedure allows the Court, for good cause shown, to grant a party's motion to extend a deadline.  See Fed. R. Civ. P. 6(b)(1)(A); *see also Lizarazo v. Miami-Dade Corr. & Rehab. Dep't*, 878 F.3d 1008, 1012 (11th Cir. 2017) ("A timely motion to extend [under Rule 6(b)] is reviewed for good cause . . . and should be liberally granted absent a showing of bad faith or undue prejudice.") (cleaned up).  "[D]istrict courts [have] broad discretion over the management of pre-trial activities, including discovery and scheduling." *Johnson v. Bd. of Regents of Univ. of Georgia*, 263 F.3d 1234, 1269 (11th Cir. 2001).

Here, Plaintiffs have shown good cause for a partial extension of the discovery deadline.  It appears from the materials submitted to the Court that both parties encountered scheduling issues when attempting to complete expert depositions.  (*See* Doc. 42 at 4-6; Doc. 44 at 3; Doc 44-1 at 1-16).  The Court, however, believes Plaintiffs' lack of diligence is to blame for their failure to conduct a corporate representative deposition and not inspecting the premises during the discovery period.  Thus, the Court will extend the discovery period by forty-five days from the date of this order for the limited purposes of: (1) Plaintiffs deposing Defendants'

3

expert Michael Taubitz; and (2) Defendants deposing Plaintiffs' expert Michael Hayslip.[2]  No other discovery is authorized to be conducted during this extended period.

### III.  Conclusion

Accordingly, it is **ORDERED** that:

1. Plaintiffs' oral motion to exceed the ten-deposition limit under Fed. R. Civ. P. 30(a)(2)(A)(i) is **GRANTED** to the extent that Plaintiffs may conduct one additional deposition—the deposition of Defendants' expert Michael Taubitz;

2. Plaintiffs' motion to extend discovery (Doc. 38) is **GRANTED** to the extent that the discovery deadline is extended by **forty-five days** from the date of this order for the following limited purposes:

   a. Plaintiffs may conduct one additional deposition of Defendants' expert Michael Taubitz;

---

[2] Plaintiffs acknowledged during the telephonic hearing that they have exceeded the ten depositions allowed under Fed. R. Civ. P. 30(a)(2)(A)(i). Plaintiffs orally moved for the Court's leave to exceed the ten-deposition limit. Plaintiff's oral motion for leave to exceed the Rule 30(a)(2)(A)(i) limit is granted only to the extent that Plaintiffs may conduct one additional deposition—the deposition of Defendants' expert Michael Taubitz.

    b. Defendants may conduct one additional deposition of Plaintiffs' expert Michael Hayslip;

  3. The parties may not conduct any additional discovery aside from the expert depositions.

  4. Defendants' motion for reconsideration (Doc. 42) is **DENIED as moot.**

  5. The dispositive motions deadline is extended to twenty-one days after the extended discovery deadline, and all correlating deadlines are extended accordingly.

  **DONE AND ORDERED** this 3rd day of February 2025.

           /s/ *Zachary C. Bolitho*
           Zachary C. Bolitho
           United States Magistrate Judge